UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Philip Mejia, | : | |
|     Petitioner, | : | |
| v. | : | Criminal No. |
| | : | 3:03-cr-101 (DJS) |
| United States of America, | : | |
|     Respondent. | : | |
| | : | |

---

MOTION TO AMEND MOTION FOR MODIFICATION OF AN IMPOSED TERM
OF IMPRISONMENT PURSUANT TO 18 USC § 3582(c)(2)
(FEDERAL RULES OF CIVIL PROCEDURE 15(a))

---

Philip Mejia
Reg. No. 15095-014
FCI Fort Dix (East)
P.O. Box 2000
Fort Dix, New York
    08640

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Philip Mejia,<br>    Petitioner,<br><br>v.<br><br>United States of America,<br>    Respondent. | :<br>:<br>:<br>:   Criminal No.<br>:<br>:   3:03-cr-101 (DJS)<br>:<br>:<br>: |

## MOTION TO AMEND PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15(a)

NOW COMES, the Petitioner, Philip Mejia, pro se and respectfully moves this Honorable Court to permit him to amend his Motion for Modification Pursuant to 18 USC § 3582(c)(2) that is presently before this Honorable Court.

Petitioner seeks permission to amend his motion pursuant to Federal Rules of Civil Procedure 15(a) which states in relevant part:

> "(a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the motion has been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of Court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Philip Mejia,  :  | |
| Petitioner,  : | |
|  : | Criminal No. |
| v.  : | |
|  : | 3:03-cr-101 (DJS) |
| United States of America,  : | |
| Respondent.  : | |
|  : | |

## PROPOSED AMENDMENT

Petitioner respectfully requests that this Honorable Court would appoint CJA counsel, order a hearing, and order Petitioner's presence.

## REQUEST FOR COUNSEL

Whenever new facts have to be marshaled and new arguments made in aid of the court's sentencing decision, the Constitution requires the assistance of counsel. Whereas the former version of § 1B1.10 did not permit courts to make new factual determinations beyond those made at the initial sentencing and application of the amended guideline was fairly mechanical, the policy statement has been revised to require the presentation of new facts and arguments. Revised § 1B1.10 provides that in determining whether a new sentence is warranted at all, and if so, whether it should be higher than the minimum of the amended guideline range, courts "shall consider" the § 3582(a) factors, "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment,"

and "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." U.S.S.G. § 1B1.10(b)(2)(A) & Comment. (n.1(B)).

Under this new rubric, the Sixth Amendment requires defense counsel to marshal the facts and evidence against any allegation that public safety, post-sentence conduct, or any § 3553(a) factor should result in a sentence higher than the bottom of the amended guideline range, and to marshal the facts and evidence of mitigating circumstances under § 3582 (a) in support of a sentence no greater than the bottom of the amended guideline range. Mempa v. Rhay, 389 U.S. 128, 135 (1967) Sixth Amendment guarantees right to counsel in a proceeding to revise sentence in which judge must recommend sentence to be served to parole board because "to the extent such recommendations are influential in determining the resulting sentence, the necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence is apparent"); See also, Glover v. United States, 531 U.S. 198, 203 (2001)("any amount of actual jail time has Sixth Amendment significance"); Halbert v. Michigan, 545 U.S. 605, 610 (2005)(Due Process and Equal Protection clauses require that if an avenue for relief is provided by statute, the government may not "bolt the door to equal justice to indigent defendant's"); Townsend v. Burke, 334 U.S. 736, 740-41 (1948) (holding pre-Gideon that absence of counsel to correct inaccurate information in sentencing violated due process); See also United States v. Davenport, 200 Fed Appx. 378, 379 (5th Cir. 2006)

(2)

(Table)(reversing and remanding new sentence imposed under § 3582(c)(2) where district Court erroneously calculated new guideline range applicable to a pro se defendant); **Turnbow v. Estelle**, 510 F. 2d 127, 129 (5th Cir. 1975)(Sixth Amendment requires counsel even where judge has no power to select sentence and only has discretion to credit defendant with the time spent in custody because "[t]he possibility that this discretion might have been exercised in favor of [the defendant] was sufficient to create a situation at the sentencing stage in which his 'substantial rights' might have been affected"); **United States v. DeMott**, ___ F.3d ___, 2008 WL 124188 (2d Cir. 2008)("[D]istrict Court violated Day's right to be present at resentencing, his right to counsel at resentencing, and his right to notice that the court intended to impose an adverse non-guidelines sentence.").

Because of new Applicable Note 1(B), cases finding no constitutional right to counsel under old § 1B1.10 are obsolete. See, e.g., **United States v. Legree**, 205 F.3d 724, 730 (4th Cir. 2000)(no right to counsel in § 3582(c)(2) proceeding where defendant did not allege ineffective assistance of counsel at or irregularities in original sentencing and pointed to no mitigating evidence that was not put before the sentencing court); **United States v. Whitebird**, 55 F.3d 1007, 1011 (5th Cir. 1995)(no right to counsel in § 3582(c)(2) proceeding where no disputed fact issue required the marshaling of facts or witness examination); See also **Quesada-Mosquera v. United States**, 243 F.3d 685, 686 (2nd Cir. 2001)(deciding under pre-revised § 1B1.10 that because

(3)

"post-sentencing efforts at rehabilitation are irrelevant to whether the amendment would have lowered the sentencing range under which the defendant was originally sentenced...those efforts could not constitute grounds for asking a court to resentence a defendant under 18 USC § 3582(c)(2)'); <u>United States v. Ninemire</u>, 2000 WL 1389618,* 1-2 (D. Kan. May 16, 2000)(same).

Even if defense counsel were not constitutionally required, counsel should be appointed as a matter of discretion. See, e.g. <u>Carrington v. United States</u>, 503 F. 3d 888,889 (9th Cir. 2007) (noting without comment that district court appointed counsel to handle § 3582(c)(2) motions); <u>United States v. Allison</u>, 63 F. 3d 350, 351 (5th Cir. 1995)(same). Defense counsel screens out cases in which relief is not available, negotiates for agreed upon orders, sensibly litigates issues that need to be litigated, avoids appeals and habeas petition through sound advise and generally ensures the efficiency and reliability of the process. Most districts appear to be appointing counsel to represent every § 3582(c)(2) Movant or potentially eligible inmate. See, e.g., <u>United States v. Womack</u>, 2008 WL 78782(S.D. Ill. Jan. 7, 2008) (discussing local administrative order requiring that counsel be appointed in every § 3582(c)(2) case). Without defense counsel, there can be no recommendations, because the government cannot negotiate directly with an inmate. See ABA Model Rule of Professional Conduct 4.3(a lawyer shall not give advise, other than the advise to secure counsel, to an unrepresented person whose interests are adverse); ABA Standards, The Prosecution Function, Std. 3-4.1(b)(prosecutor should not engage in plea

(4)

discussions directly with an accused who is represented by defense counsel, except with defense counsel's approval).

Prosecutors have "specific obligations to see that the defendant is accorded procedural justice," ABA Model Rule of Professional Conduct 3.8, comment 1, including to make reasonable efforts to ensure that the accused has been advised of the right to, and the procedure for obtaining, counsel and has been given reasonable opportunity to obtain counsel." ABA Model Rule of Professional Conduct 3.8(b).

### REQUEST FOR HEARING.

Under the guidelines, a defendant has a right to a hearing whenever any factor important to the sentencing determination is "reasonably in dispute." Even under old § 1B1.10, if a court intends to rely upon facts not found at the initial sentencing in deciding a § 3582(c)(2) motion, the defendant was entitled to notice and a hearing. Now that revised § 1B1.10 advises that courts consider such facts in every case, there must also be a hearing at which the defendant can challenge any evidence presented by the government and present his or her own. The defendant may waive a hearing with advice of counsel if nothing is in dispute. U.S.S.G. § 6A1.3 ("[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor"); United States v. Byfield, 391 F.3d 277, 280-81 (D.C. Cir. 2004)(court abused its discretion in failing to order evidentiary hearing where defendant's

(5)

uncontroverted factual assertions in § 3582(c)(2) motion raised "enough of a smidgeon to put the matter "reasonably in dispute'"") (citing U.S.S.G. § 6A1.3); United States v. Bergman, 68 F.3d 471 (5th Cir. 1995)("[W]here the amount of actual P2P in a mixture is in doubt, and where the amount of P2P was the primary factor in determining the defendant's sentence range, it is an abuse of discretion to deny a § 3582(c)(2) motion without further factual inquiry"); United States v. Mueller, 168 F.3d 186, 189-90 (5th Cir. 1999)("[g]iven the broad discretion the district court has in considering whether resentencing is appropriate [under § 3582(c)(2)] and given that Congress has dictated that the factors in § 3553(a) apply both to sentencing and resentencing," a district court must provide notice to a defendant and the opportunity to respond if it intends to consider information from sources outside the initial sentencing hearing); United States v. Townsend, 55 F.3d 168, 171-72 (5th Cir. 1995)(same); United States v. DeMott ___F.3d___,2008 WL 124188 (2nd Cir. Jan. 15, 2008)("[D]istrict Court violated Day's right to be present at resentencing, his right to counsel at resentencing, and his right to notice that the court intended to impose an adverse non-Gidelines sentence").

Courts routinely ordered hearings to assist in deciding § 3582(c)(2) motions for a new sentence even before § 1B1.10 was revised to invite the presentation of new facts and arguments not considered in the original sentencing to deny or reduce relief. See, e.g. Quesada-Mosquera v. United States, 243 F.3d 685, 686 2nd Cir. 2001); United States v. Etherton, 101 F.3d 80, 81 (9th Cir. 1996); United States v. Allison, 63 F.3d 350, 351 (5th Cir.

(6)

1995); <u>United States v. Mimms</u>, 43 F.3d 217, 219-20 (5th Cir. 1995); <u>United States v. Forty Estremera</u>, 498 F. Supp. 2d 468, 472 (D.P.R. 2007); <u>Settembrino v. United States</u>, 125 F. Supp. 2d 511, 517 (S.D. Fla. 2000). At least one has already done so in this context. See, <u>United States v. Moore</u>, 2008 WL 161668,*2 (S.D. Ohio Jan. 15, 2008)(granting defendant's § 3582(c)(2) motion for resentencing under crack guideline and ordering a hearing to be scheduled following receipt of a new Presentence Investigation Report).

## <u>REQUEST TO BE PRESENT</u>

A defendant's presence at a § 3582(c)(2) is not required under Fed. R. 43(b)(4), but this rule was written before § 1B1.10 was revised to invite presentation of new facts and arguments. The defendant may well have a constitutional right to be present if dispositive facts are disputed. The defendant may not wish to attend if his absence from prison would interfere with housing, work or programs, and can waiver his presence. <u>United States v. DeMott</u>, __F.3d___,2008 WL 124188 (2nd Cir. 2008)("[D]istrict court violated Day's right to be present at resentencing, his right to counsel at resentencing, and his right to notice that the court intended to impose an adverse non-Guidelines sentence"). <u>United States v. Forty Estremera</u>, 498 F. Supp. 2d 468, 472 (D.P.R. 2007)(ordering defendant's transfer to jurisdiction for hearing on § 3582(c)(2) motion after determining defendant's eligibility and that <b>Booker</b> advisory regime will apply to the resentencing).

Additionally, Petitioner respectfully requests that this Honorable Court would consider him for eligibility for the safety valve.

Even if the safety valve or substantial assistance statutes were not invoked (or in the case of safety valve, not yet enacted) at the original sentencing, the court may consider eligibility for the safety valve or substantial assistance in determining the new sentence under § 3582(c)(2). And, in applying § 3553(f), courts are no longer bound by the mandatory language that the resulting sentence "shall be" within the applicable guideline range. United States v. Mihm, 134 F.3d 1353 (8th Cir. 1998) ("[W]hen a defendant is eligible for a § 3582(c)(2) reduction, the court must consider all relevant statutory sentencing factors," including safety valve relief under § 3553(f)" even in cases where original sentence preceded effective date of safety valve statute, because, "[l]ike § 3553(e), the § 3553(f) safety valve is a general sentencing consideration that the district court must take into account in exercising its present discretion to resentence under § 3582(c)(2)"): United States v. Williams, 103 F.3d 57, 58-59 (8th Cir. 1996)(in a § 3582(c)(2) resentencing, court can consider government's motion under § 3553(e) even though no such motion was made at original sentencing); United States v. Reynolds, 111 F.3d 132 (Table) (6th Cir. 1997) (defendant eligible for § 3582(c)(2) resentencing is also eligible for reduction based on § 3553(f) because it applies "to all sentences that are imposed" after the statute's effective date); United States v. Clark, 110 F.3d 15 (6th Cir. 1997)(appellate

courts may take the safety valve statute into account in pending sentencing cases and ... district courts may consider the safety valve statute" in a § 3582(c)(2) proceeding even when the safety valve was not available at the initial sentencing, concluding that because the situation raises the possibility that resentencing will lower the defendant's unrestricted guideline range below the statutory mandatory minimum," "consideration of the safety valve [is made] relevant"); Settembrino, 125 F. Supp. 2d 511, 517 (D. Fla. 2000)("When faced with a section 3582(c)(2) resentencing, a district court may consider grounds for departure unavailable to a defendant at the original sentencing hearing, including safety valve relief of Section 3553(f)"); United States v. Cardenas-Juarez, 469 F.3d 1331 (9th Cir. 2006)(although defendants may not rely on Booker to avoid the statutory requirements for safety valve relief, once a defendant has been found statutorily eligible, the resulting guideline range is advisory only); UNited States v. Boyd, 496 F. Supp. 2d 977, 980 (D. Ark. 2007)(government agreed with defendant "that the guidelines are advisory in the safety valve setting, just as they are in all other sentencing settings, and that the safety valve provision does not mandate a sentence within the [guidelines] range," and court held that eligible defendant can be sentenced below the advisory guideline range that is "sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2)"); United States v. Duran, 383 F. Supp. 2d 1345, 1349 (D. Utah 2005)(holding that "the safety valve provison, 18 USC § 3553(f), once satisfied, incorporates advisory

(9)

Guidelines that give the court discretion to impose any appropriate punishment" and noting that the government "filed a new pleading confessing error" and "now agrees that an interpretation of the safety valve "that treats the Guidelines as mandatory cannot be reconciled with Booker'''); United States v. Bolano, 409 F. 3d 1045, 1047 (8th Cir. 2005)(same); United States v. Cherry, 366 F. Supp. 2d 372, 376 (E.D. Va. 2005)(same).

## CONCLUSION

WHEREFORE, Petitioner prays this Honorable Court would hold his pleadings to less stringent standards than pleadings drafted by lawyers, that this Court would excuse his inartistic manner, overlook any errors he may make, and grant him the permission to amend that he humbly seeks.

Date: 6/26/08

Respectfully Submitted,

*Philip Mejia*

Philip Mejia
Reg. No. 15095-014
FCI Fort Dix (East)
P.O. Box 2000
Fort Dix, New Jersey 08640

## CERTIFICATE OF SERVICE

I, Philip Mejia, certify that on June 26, 2008, I mailed a complete copy of this motion via first class mail, postage pre-paid, to the following parties at the addresses listed below.

    Mr. Thomas V. Daily
    Assistance U.S. Attorney
    Office of the U.S. Attorney
    Abraham Ribicoff Federal Building
      and U.S. Courthouse
    450 Main Street
    Hartford, Ct. 06103

I certify that this motion was hand delivered to prison officials on the date listed below for forwarding to the District Court. I certify under the penalties of perjury that the forgoing is true and correct, pursuant to 28 USC § 1746.

Date: 6/26/08

                                          Philip Mejia
                                          Reg. No. 15095-014
                                          FCI Fort Dix (East)
                                          P.O. Box 2000
                                          Fort Dix, New Jersey
                                                    08640